G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Telephone: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff
Michael A. Louie

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL A. LOUIE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Credit Reporting Practices)**<br><br>Unlimited Civil Jurisdiction |

Plaintiff Michael A. Louie ("Plaintiff"), by and through his attorney, alleges the following against Defendants:

-1-

COMPLAINT

## INTRODUCTION

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff, Michael A. Louie, is a natural person who resides in the city of Sacramento, county of Sacramento, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a).

5. Defendant Bank of America, N.A. ("BANA") is a corporation with its headquarters at 150 N. College St., Charlotte, NC 28255, which, at all times relevant hereto, engaged in business in Sacramento, California.

6. BANA is a direct banking and financial institution. Defendant BANA is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Defendant BANA is a "person" as defined by 15 U.S.C. § 1681a(b), and a "reseller" as defined by 15 U.S.C. § 1681a(u).

7. Defendant, Trans Union, LLC (hereinafter "Trans Union"), is a national corporation with its principal place of business located at 555 West Adams St., Chicago, Illinois. At all relevant times herein, Defendant, Trans Union, was an

entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626. At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant, Equifax, LLC (hereinafter "Equifax"), is a national corporation with its principal place of business located at 1550 Peachtree St. NW, Atlanta, Georgia, 30309. At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

COMPLAINT

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

11. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as its agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

12. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff who is not a minor alleges that the following events and actions taken by Defendants occurred within the past two years.

14. On or about March 2005, Plaintiff obtained a credit card from Defendant BANA, ending with Account No. 3868.

15. Plaintiff subsequently defaulted on his obligation to Defendant BANA, and BANA charged off the account and placed it for collection.

16. The account was ultimately assigned to NCC Business Services, Inc., located at 3733 University Blvd W, Suite 300, Jacksonville, FL 32217. The associated file number was 1850076.

17. Plaintiff subsequently entered into settlement negotiations with NCC Business Services, Inc, and reached a settlement on or about October 2009.

18. Plaintiff and Defendant BANA thereafter entered into a settlement agreement on or about October 2009, whereby Plaintiff agreed to pay

Defendant a sum of $2,584.00 as full settlement of the outstanding balance. A first payment of $1,819.00 was due on or before October 30, 2009, with three consecutive payments of $255.00 due on the thirtieth of each month, commencing November 30, 2009 through January 28, 2010.

19.  Plaintiff tendered the agreed-upon payments in a timely manner per the terms of the agreement, and the account was considered as satisfied in full and Plaintiff was released of any further liability on the account.

20.  On or about July 2013, Plaintiff obtained a copy of his credit report, and discovered that Defendant BANA was continuing to report a balance due, despite the settlement and satisfaction of Defendant's claim.

21.  On or about July 2013, Plaintiff hired counsel and formally disputed the negative, inaccurate information with all three Credit Reporting Agencies ("CRAs").

22.  Plaintiff sent the three national credit reporting agencies (Equifax, Experian & Trans Union) dispute letters, requesting that BANA report the trade line accurately with no balance owed. Upon receipt of the letters, the three credit reporting agencies each sent an automatic customer dispute verification form informing defendant BANA that Plaintiff was disputing its reporting of the status of the account.

23.  On or about September 2013, Plaintiff received the results of investigation from Equifax, Experian, and Trans Union, with no changes being made.

24.  Upon information and belief, Plaintiff again disputed the inaccuracy with the three CRAs on or about September 2013, October 2013, November 2013, December 2013, and January 2014. Plaintiff provided proof of the settlement with each dispute. However, BANA continued to report a balance owed in the amount of $10,338.00, and reported the status as a charged off account, with no reference to the settlement.

25. Despite Plaintiff's exhaustive efforts to date to remove the erroneous information, BANA has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, has failed to report on the results of the reinvestigations and has continued to report the derogatory information about Plaintiff.

26. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

27. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

28. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

29. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing him from being able to obtain credit.

# COUNT I – FIRST CLAIM FOR RELIEF
# DEFENDANT BANK OF AMERICA, NA. VIOLATED
# FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. The FCRA requires a furnisher such as BANA, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32. Within the last two years, defendant BANA provided inaccurate information to the credit reporting agencies.

33. Within the past two years, Plaintiff notified Experian, Equifax, and Trans Union that their reports concerning BANA were inaccurate. Thereafter, the credit reporting agencies notified BANA that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

34. BANA violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. 1681 §s-2(b);
    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to BANA;
    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all the credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies;

    g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies; and

    h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35. In attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information about Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant improperly reported the account as past due with a balance owing despite the settlement.

36. BANA's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

///

COMPLAINT

## COUNT II – SECOND CLAIM FOR RELIEF
## DEFENDANT BANK OF AMERICA, N.A. VIOLATED
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## (CCCRA), California Civil Code §§1785.25(a)

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

39. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

40. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

41. Defendant BANA negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

42. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.


## COUNT III – THIRD CLAIM FOR RELIEF

## DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION VIOLATED FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681, *et seq.*

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

45. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

46. Within the two years preceding the filing of this complaint, Plaintiff notified the defendant credit reporting agencies of an inaccuracy contained in the reports and asked them to correct the inaccuracy.

47. The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

48. The defendant credit reporting agencies failed to review and consider all relevant information submitted by Plaintiff.

49. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

50. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages as state above.

51. The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    a) Actual damages;

    b) Statutory damages;

    c) Punitive damages;

    d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

    e) Any other relief that this court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: February 25, 2014                            Respectfully submitted,

                                                        **PRICE LAW GROUP, APC**

                                                        By:  /s/G. Thomas Martin, III
                                                               G. Thomas Martin, III
                                                               Attorney for Plaintiff

COMPLAINT